| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Personal Injury |

| | |
|---|---|
| Marcia Leatham,<br>　　　　　　　　Plaintiff,<br>　vs.<br>City of Minneapolis and John Does 1-3, in their official and individual capacities,<br>　　　　　　　　Defendants. | Court File Number: _____<br><br>**FIRST AMENDED COMPLAINT**<br>**JURY TRIAL REQUESTED** |

# INTRODUCTION

1. On March 18, 2021, Minneapolis police officers harmed Marcia Leatham, a National Lawyers Guild Legal Observer, during an attempt by law enforcement to clear an encampment for people without houses.

# PARTIES

2. Plaintiff Marcia Leatham is a 71-year-old resident of Minneapolis, Minnesota.

3. Defendant City of Minneapolis (the "City") is a municipality incorporated in the State of Minnesota.

4. Defendants John Does 1-3 are unidentified individuals who committed the acts set forth in this Complaint as agents or employees of Defendant City of Minneapolis. Plaintiff is suing John Does 1-3 in their official and individual capacities.

# JURISDICTION

5. This is an action for damages under 42 U.S.C. §§ 1983 and 1988, and under the common law of the State of Minnesota. This Court has

jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq*. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq*., as the events giving rise to this action occurred in Hennepin County.

## BACKGROUND

6. Near North camp, an encampment for people without houses, is located at 205 North Girard Ave. in Minneapolis, Minnesota.
7. Approximately 20 people lived in tents at Near North camp as of March 18, 2021.
8. Many people without houses choose to live in outdoor encampments instead of congregate shelter situations, because the latter come with problems such as overcrowding and stringent rules, which are exacerbated in a pandemic.
9. On March 18, 2021, the City attempted to clear Near North camp.
10. Disbanding encampments and isolating people without houses interrupts the efforts of social workers to transition people into housing. It also destroys their tents and other survival gear, setting them back even further from transitioning to more permanent housing.
11. Dozens of people showed up at Near North camp on March 18, 2021 in response to social media accounts warning that the City planned to clear Near North camp.
12. Minneapolis police officers arrived in the area of Near North camp before 7:00 a.m. on March 18, 2021.
13. Plaintiff was also in the area of Near North camp at this time, wearing a highly visible, bright green National Lawyers Guild Legal Observer hat.

14. Plaintiff stood at least six feet from the Minneapolis police officers who arrived, and was on the sidewalk when Minneapolis police officers were asking people to get on the sidewalk.
15. While in the area of Near North camp, one of the John Doe Defendants sprayed a chemical irritant that harmed Plaintiff.
16. On information and belief, the remaining two John Doe Defendants then knocked Plaintiff down. This resulted in a nondisplaced fracture of Plaintiff's knee, a partially torn right medial collateral ligament, and a chip off Plaintiff's ankle. Plaintiff's right ankle and foot were very swollen, tender, and bruised.
17. Within approximately half an hour of arriving in the area of Near North camp, Minneapolis police officers drove away.
18. Plaintiff now has a medical boot and knee brace as a result of the actions of the John Doe Defendants.
19. Plaintiff had not committed a crime on March 18, 2021.
20. Plaintiff did not pose a threat, much less an immediate threat, to the safety of any officers or others on March 18, 2021.
21. Plaintiff did not actively resist arrest or attempt to evade arrest by flight on March 18, 2021.

FIRST CAUSE OF ACTION
*Retaliation in Violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments*
*Against John Does 1-3*

22. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.
23. Plaintiff was exercising her First Amendment rights to free speech and/or the right to peacefully assemble on March 18, 2021.

24. Defendants John Does 1-3 each took actions, described above, constituting retaliation for Plaintiff's exercise of her First Amendment rights.

25. Defendants John Does 1-3 lacked any justification whatsoever to subject Plaintiff to such retaliation.

26. The John Doe Defendants' retaliation against Plaintiff violated Plaintiff's constitutional rights.

27. Defendants John Does 1-3 acted under color of law.

28. The John Doe Defendants' unlawful retaliation was willful and recklessly indifferent to the constitutional rights of Plaintiff.

29. Plaintiff suffered harm as a direct and proximate result of the John Doe Defendants' violation of Plaintiff's First Amendment rights.

## SECOND CAUSE OF ACTION
*Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*
*Against John Does 1-3*

30. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

31. The John Doe Defendants' use of the force described above on Plaintiff violated Plaintiff's Fourth Amendment rights.

32. Plaintiff was not posing a threat to the safety of the John Doe Defendants or others, had not committed a crime, and was neither actively resisting arrest nor attempting to evade arrest by flight.

33. The force used on Plaintiff, described above, was objectively unreasonable.

34. The John Doe Defendants acted under color of law.

35. The John Doe Defendants' actions constituted an unlawful seizure in violation of Plaintiff's Fourth Amendment rights.

4

36. The John Doe Defendants willfully engaged in this unconstitutional conduct.
37. As a direct and proximate result of the John Doe Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered harm.

### THIRD CAUSE OF ACTION
*Battery*
*Against City of Minneapolis and John Does 1-3*

38. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.
39. The John Doe Defendants, employed by the City of Minneapolis, intentionally caused harmful or offensive contact with Plaintiff.
40. The John Doe Defendants acted with malice as it is defined in the context of official immunity, because they intentionally committed acts that they had reason to believe were legally prohibited.
41. The City of Minneapolis is vicariously liable for the acts described above by its officers, as these acts were committed in the scope of the officers' employment.
42. As a direct and proximate result of the acts described above, Plaintiff suffered harm.

### FOURTH CAUSE OF ACTION
*Negligence*
*Against City of Minneapolis and John Does 1-3*

43. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.
44. The John Doe Defendants, employed by the City of Minneapolis, breached their duty to exercise a reasonable standard of care toward Plaintiff.
45. Based on the factual allegations above, the John Doe Defendants owed Plaintiff a duty of care to refrain from intentionally or unintentionally

using gratuitous force against Plaintiff, and breached this duty of care by engaging in the conduct described above.

46. The John Doe Defendants also owed Plaintiff a duty of care to follow written department policies and procedures with respect to the use of force. The John Doe Defendants violated their department's policies and procedures with respect to the use of force when they engaged in the conduct described above.

47. The City of Minneapolis is vicariously liable for the acts and omissions described above by its officers, as these acts were committed in the scope of the officers' employment.

48. As a direct and proximate result of these acts, Plaintiff suffered harm.

**FIFTH CAUSE OF ACTION**
*Assault*
*Against City of Minneapolis and John Does 1-3*

49. Plaintiff restates the preceding paragraphs as though fully stated herein.

50. The John Doe Defendants' use of excessive, unprovoked, and unreasonable force against Plaintiff was intended to cause imminent harmful and offensive contact.

51. Plaintiff had a reasonable apprehension and fear that the John Doe Defendants intentionally causing harmful or offensive contact with Plaintiff would occur.

52. The John Doe Defendants had the apparent ability to cause Plaintiff harm.

53. The John Doe Defendants' actions were unlawful and unjustified.

54. The John Doe Defendants acted with malice as it is defined in the context of official immunity, because they intentionally committed acts that they had reason to believe were legally prohibited.

6

55. The City of Minneapolis is vicariously liable for the acts and omissions described above by its officers, as these acts were committed in the scope of the officers' employment.
56. As a direct and proximate result of these acts, Plaintiff suffered harm.

## REQUEST FOR RELIEF

Plaintiff requests relief as follows:

1. Compensatory damages against Defendants, jointly and severally, in an amount exceeding $50,000;
2. Punitive damages against the John Doe Defendants;
3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
4. Prejudgment interest; and
5. Such other further relief as this Court may deem just and proper.

Dated: June 8, 2021

_____
Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: June 8, 2021

_____
Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

ATTORNEY FOR PLAINTIFF