UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Marcia Leatham, | Case No. 21-CV-1429 |
| Plaintiff, | |
| vs. | ANSWER OF DEFENDANT CITY OF MINNEAPOLIS |
| City of Minneapolis, and John Does 1-3, in their official and individual capacities, | DEMAND FOR JURY TRIAL |
| Defendants. | |

---

For its Answer to Plaintiff's First Amended Complaint, Defendant City of Minneapolis (hereinafter "City Defendant"), states and alleges as follows:

Unless specifically admitted, qualified or otherwise pleaded herein, City Defendant denies each and every allegation, matter and thing in Plaintiff's First Amended Complaint.

City Defendant:

## INTRODUCTION

1.     Denies the allegations in Paragraph 1 of the First Amended Complaint.

## PARTIES

2.     Lacks sufficient information to admit or deny the allegations in Paragraph 2 of the First Amended Complaint, and therefore denies the same.

1

3.     Admits the allegations in Paragraph 3 of the First Amended Complaint.

4.     Admits that Plaintiff purports to bring claims against Doe Defendants.  Denies that such claims have merit.

**JURISDICTION**

5.     Admits that Plaintiff seeks damages through purported claims brought under Federal and Minnesota law.  Denies that Plaintiff is entitled to such damages and denies that Plaintiff's claims have merit.  Admits that the events at issue occurred in Hennepin County, Minnesota.  Denies that jurisdiction and venue are proper in Hennepin County District Court.  Affirmatively states that this case is now properly venued in the United States District Court for the District of Minnesota.

**BACKGROUND**

6.     Admits, on information and belief, that persons experiencing homelessness were occupying land at or about 205 North Girard Avenue in Minneapolis on or about March 18, 2021.

7.     Lacks sufficient information to admit or deny the allegations in Paragraph 7 of the First Amended Complaint, and therefore denies the same.

8.     Denies that, as of March 18, 2021, shelter space for persons experiencing homelessness in Hennepin County was overcrowded.  Affirmatively

states that shelters in Hennepin County put into place health and safety protocols that successfully enabled shelters to provide safe indoor space throughout the COVID-19 pandemic.  Lacks sufficient information to admit or deny the remaining allegations in Paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.      Admits that on March 18, 2021, the City attempted to close the encampment located at or near 205 Girard Avenue North in Minneapolis. Affirmatively states that this attempt was the result of a decision reached by a group of City staff from CPED, Department of Health, and Public Works, in consultation with MPD and the Fire Department.  The City concluded that health and safety risks at the encampment had escalated to the point where immediate closure was warranted to protect encampment residents and the greater community.  Problems at the encampment site included industrial contamination at a portion of the site, numerous fires breaking out due to use of propane heaters to heat tents, increased reports of crime including a documented stabbing at the encampment, and the construction of unsafe structures.  The City had previously scheduled a closure of the encampment on February 12, 2021, but due to extreme cold weather the date was extended to February 26, 2021.  That date was also postponed after City staff and outreach teams met with people at the encampment on February 24, 2021, and persons living at the encampment requested additional

time to secure more permanent housing.  Outreach workers were engaging with residents to connect them to shelter and housing resources.  The City determined that there was enough capacity in the shelter system to provide alternative accommodation for everyone at the encampment. The City set a new date for the encampment closure, March 18, 2021.  On Monday, March 15, 2021, the City's contractor posted notices at the encampment announcing that the encampment would be closed on Thursday, March 18, 2021, and that all personal belongings had to be removed.  The notices provided information on how to access shelter and noted that outreach workers would be available to help make service connections. The City arranged for transportation on the closure date, for encampment residents to help them get to shelter, housing or to stay with a friend or family member.

10.    Denies the allegations in Paragraph 10 of the First Amended Complaint.   Affirmatively states that sufficient shelter space existed to accommodate encampment residents on March 18, 2021, and that moving to indoor shelter does not inhibit people from transitioning into housing.

11.    Admits, on information and belief, the allegations in Paragraph 11 of the First Amended Complaint.

12.    Admits that, shortly before 7:00 a.m. on March 18, 2021, two MPD squad cars were stationed approximately one block away from the encampment.

4

Affirmatively states that the officers in these squad cars planned to put up a tape barrier and control access so that vehicles arriving to transport residents and public works vehicles could enter and exit the area safely.  There was no plan for MPD to clear the encampment and MPD did not attempt to clear the encampment. MPD was never closer than a block away from the encampment on March 18, 2021.

13.     Lacks sufficient information to admit or deny the allegations in Paragraph 13 of the First Amended Complaint, and therefore denies the same.

14.     Lacks sufficient information to admit or deny the allegations in Paragraph 14 of the First Amended Complaint, and therefore denies the same.

15.     Admits that chemical irritant was deployed by MPD officers stationed near the encampment on March 18, 2021.  Affirmatively states that this irritant was deployed in response to dangerous behavior directed toward officers by individuals who, on information and  belief, did not live in the encampment.

16.     Denies the allegations in paragraph 16 of the First Amended Complaint.

17.     Admits the allegations in paragraph 17 of the First Amended Complaint.

18.     Denies the allegations in paragraph 18 of the First Amended Complaint.

19.     Lacks sufficient information to admit or deny the allegations in Paragraph 19 of the First Amended Complaint, and therefore denies the same.

20.     Lacks sufficient information to admit or deny the allegations in Paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.     Admits, on information and belief, the allegations in paragraph 21 of the First Amended Complaint.

**FIRST CAUSE OF ACTION**
**Retaliation in Violation of 42 U.S.C. § 1983 and the First and Fourteenth**
**Amendments**
**Against John Does 1-3**

22.     Restates all previous paragraphs.

23.     Denies the allegations in paragraph 23 of the First Amended Complaint.

24.     Denies the allegations in paragraph 24 of the First Amended Complaint.

25.     Denies the allegations in paragraph 25 of the First Amended Complaint.

26.     Denies the allegations in paragraph 26 of the First Amended Complaint.

27.      States that Paragraph 27 of the First Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denied.

28.     Denies the allegations in paragraph 28 of the First Amended Complaint.

29.     Denies the allegations in paragraph 29 of the First Amended Complaint.

## SECOND CAUSE OF ACTION
**Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**
**Against John Does 1-3**

30.     Restates all previous paragraphs.

31.     Denies the allegations in paragraph 31 of the First Amended Complaint.

32.     Denies the allegations in paragraph 32 of the First Amended Complaint.

33.     Denies the allegations in paragraph 33 of the First Amended Complaint.

34.     States that Paragraph 34 of the First Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denied.

35.     Denies the allegations in paragraph 35 of the First Amended Complaint.

36.     Denies the allegations in paragraph 36 of the First Amended Complaint.

37.     Denies the allegations in paragraph 37 of the First Amended Complaint.

## THIRD CAUSE OF ACTION
### Battery
### Against Defendants City of Minneapolis and John Does 1-3

38.     Repeats all previous responses.

39.     Denies the allegations in paragraph 39 of the First Amended Complaint.

40.     Denies the allegations in paragraph 40 of the First Amended Complaint.

41.     Denies the allegations in paragraph 41 of the First Amended Complaint.

42.     Denies the allegations in paragraph 42 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION
### Negligence
### Against City of Minneapolis and John Does 1-3

43.     Restates all previous paragraphs.

44.     Denies the allegations in paragraph 44 of the First Amended Complaint.

45.     Denies the allegations in paragraph 45 of the First Amended Complaint.

46.     Denies the allegations in paragraph 46 of the First Amended Complaint.

47.     Denies the allegations in paragraph 47 of the First Amended Complaint.

48.     Denies the allegations in paragraph 48 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION
### Assault
### Against City of Minneapolis and John Does 1-3

49.     Repeats all previous responses.

50.     Denies the allegations in paragraph 50 of the First Amended Complaint.

51.     Denies the allegations in paragraph 51 of the First Amended Complaint.

52.     Denies the allegations in paragraph 52 of the First Amended Complaint.

53.     Denies the allegations in paragraph 53 of the First Amended Complaint.

54.     Denies the allegations in paragraph 54 of the First Amended Complaint.

55.     Denies the allegations in paragraph 55 of the First Amended Complaint.

56.     Denies the allegations in paragraph 56 of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The City Defendant affirmatively alleges that, at all times relevant to the Complaint, the City Defendant is and was protected by qualified immunity, statutory immunity under Minnesota Statutes Chapter 466, official immunity, and vicarious official immunity from any liability in this action, and/or any other applicable immunity.

3.     Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional or negligent acts or the actions of those over whom Defendant exercises no right of control and for whose actions Defendant is not legally responsible.

4.     One or more of Plaintiff's claims is barred as Plaintiff's have failed to exhaust available judicial and administrative remedies.

5.     The alleged use of force, if any, was privileged under the common law and/or under Minnesota Statutes § 609.06.

6.      The City Defendant is not liable for punitive damages, if any, under applicable law.

7.      Plaintiff failed to mitigate their damages, if any.

8.      Plaintiff assumed the risk of injury from her acts and omissions.

9.      The City Defendant denies that Plaintiff has any right to attorneys' fees in this action.

10.    Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiff complains; further Plaintiff voluntarily assumed any risk inhered in the situation that gave rise to the Complaint.

11.    The Complaint is barred by the doctrine of execution of a public duty.

12.    The actions of the City Defendant with respect to the Plaintiff were taken in good faith and in response to the legitimate safety requirements of the situation and not motivated by the Plaintiff allegedly exercising First Amendment rights.

13.    Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

14.     The City Defendant had justification for any of the actions complained of in the Complaint.

15.     Defendant alleges affirmatively that liability for any claim under the laws of the State of Minnesota is limited by Minn. Stat. § 466.04.

16.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

17.     The Doe Defendants have not been served with process and do not submit to the jurisdiction of this Court absent such service.

**WHEREFORE**, the City Defendant prays for an Order of this Court as follows:

1.      Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2.      Awarding the City Defendant all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.      For such other and further relief as this Court deems appropriate.

Dated: June 17, 2021

JAMES R. ROWADER, JR.
City Attorney
By      */s/ Sarah McLaren*
SARAH MCLAREN (#0345878)
Assistant City Attorney
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2183
sarah.mclaren@minneapolismn.gov

*Attorney for Defendant City of
Minneapolis*